RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD ZOLLER

                 Plaintiff,             FIRST AMENDED
                                            COMPLAINT

             -against-                06-CV-0112 (KMK)

INA LIFE INSURANCE COMPANY OF NEW YORK,
LUCENT TECHNOLOGIES INC. HEALTH PLAN,
and LUCENT TECHNOLOGIES INC.
LONG TERM DISABILITY PLAN
FOR MANAGEMENT EMPLOYEES,

                 Defendants.
-----------------------------------------------------------------X

        Plaintiff Richard Zoller, by his attorneys, Riemer & Associates LLC, complaining of defendants INA Life Insurance Company of New York ("CIGNA") Lucent Technologies Inc. Health Plan ("Lucent Health Plan"), and Lucent Technologies Inc. Long Term Disability Plan for Management Employees ("LTD Plan") alleges:

        1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under employee benefit plans, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney's fees and costs.

        2.     This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f)

of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

   3. Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plans as defined herein are administered in this district and the defendants reside or may be found in this district.

Plaintiff's Participation in the LTD Plan

   4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the LTD Plan.

   5. At all relevant times, the LTD Plan was and remains an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

   6. At all relevant times, CIGNA was and remains the claims administrator of the LTD Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A).

   7. At all relevant times the LTD Plan has been self-insured and has been a fiduciary within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

   8. Plaintiff was employed as Project Manager at Lucent Technologies Inc. ("Lucent").

   9. As an employee of Lucent, plaintiff was provided with long term disability insurance coverage under the LTD Plan.

   10. On June 17, 2002, plaintiff was rendered totally disabled within the meaning of the LTD Plan as a result of depression and drug addiction.

11. By letter dated May 30, 2003, and affirmed by letters dated February 23, 2004 and February 3, 2005, CIGNA and the LTD Plan denied plaintiff's claim for long term disability benefits.

12. Plaintiff has complied with and exhausted all administrative appeals under the LTD Plan.

Plaintiff's Participation in the Lucent Health Plan

13. As an employee of Lucent, plaintiff was provided with health insurance coverage under the Lucent Technologies Inc. Health Plan ("Lucent Health Plan").

14. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Lucent Health Plan.

15. At all relevant times, the Lucent Health Plan was and remains an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

16. The Lucent Health Plan terminated plaintiff's coverage as an employee in the Lucent Health Plan after plaintiff became disabled.

17. Plaintiff incurred expenses to maintain his coverage under the Lucent Health Plan pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

18. After plaintiff's COBRA coverage under the Lucent Health Plan terminated, plaintiff incurred out-of-pocket medical expenses that would have been covered under the Lucent Health Plan.

**COUNT I (CIGNA and the LTD Plan)**

19. Under the terms of the LTD Plan, a disabled participant is entitled to a monthly benefit equal to 60% of pre-disability earnings.

20. Since June 17, 2002, plaintiff has been totally disabled within the meaning of the LTD Plan.

21. Since June 17, 2002, plaintiff has not worked and has had no earnings.

22. The determination of CIGNA and the LTD Plan that plaintiff is not totally disabled within the meaning of the LTD Plan is contrary to the terms of the LTD Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

23. Upon information and belief, CIGNA and the LTD Plan have structural conflicts of interest.

24. Upon information and belief, the determination by CIGNA and the LTD Plan of plaintiff's claim for long term disability benefits was affected by their respective conflicts of interest.

25. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the LTD Plan that have not been paid to date and those that will become due in the future.

**COUNT II (CIGNA and the LTD Plan)**

26. Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 above.

27. By reason of CIGNA and the LTD Plan's failure to pay plaintiff long term disability benefits as due under the terms of the LTD Plan, plaintiff has been

forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

## COUNT III (Lucent Health Plan)

28. Plaintiff repeats and realleges the allegations of paragraphs 1 through 27 above.

29. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover benefits under Lucent Health Plan that have not been paid to date and those that will become due in the future.

## COUNT IV (Lucent Health Plan)

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 above.

31. By reason of Lucent Health Plan's failure to pay plaintiff's health benefits as due under the terms of the Lucent Health Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against CIGNA and the LTD Plan:

A. For the amount of all long term disability benefits due under the terms of the LTD Plan that have not been paid, together with interest thereon;

    B. Clarifying and declaring that the LTD Plan is obligated to pay to plaintiff long term disability benefits in the future as required by the LTD Plan;

    C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

    D. For such other and further relief as the Court deems just and proper.

    WHEREFORE, plaintiff demands judgment against Lucent Health Plan:

    A. For the cost of purchasing health coverage, as well as restitution for any medical expenses incurred by plaintiff since the date his coverage under the Lucent Health Plan was terminated, together with interest thereon;

    B. Clarifying and declaring that plaintiff is entitled to reinstatement of health coverage under the Lucent Health Plan in the future as required by the Lucent Health Plan;

    C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

    D. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
   March 30, 2006

               RIEMER & ASSOCIATES LLC
               Attorneys for Plaintiff
               60 East 42nd Street, Suite 2430
               New York, New York  10165
               (212) 297-0700

               By:_____/s/_____
                 Scott M. Riemer (SR5005)